# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

B.S., a minor, by and through her parent
and natural guardian, Stephanie Smith,

                         Plaintiff,

                 v.

Independent School District No. 623,
aka Roseville Area Schools,
Geraldine Cook in her individual capacity,

                         Defendants.

Case No._____

**DEFENDANTS' JOINT
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the above-named Defendants herein jointly remove the above-captioned matter from the District Court of the County of Ramsey, State of Minnesota, to the United States District Court for the District of Minnesota.  In support of such removal:

1.      Independent School District No. 623, aka Roseville Area Schools, and Geraldine Cook in her individual capacity, (hereafter "Defendants") are Defendants in a civil action in the District Court of the State of Minnesota, County of Ramsey, entitled: *B.S., a minor, by and through her parent and natural guardian, Stephanie Smith, Plaintiff, v. Independent School District No. 623, aka Roseville Area Schools, Geraldine Cook in her individual capacity, Defendants; Case No.  62-CV-20-5134.*

2.      Attached hereto and marked as **Exhibit A** is a true and correct copy of the Second Amended Complaint that was received by Defendant Independent School District No. 623 on October 22, 2020.  Plaintiff's Complaint, while venued in State District Court,

1

brings the action in part under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., and under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America, pursuant to 42 U.S.C. § 1983.

3.     This action could have originally been brought in federal court because of the above-stated federal questions under original jurisdiction statutes pursuant to 28 U.S.C. §§ 1331, 1441(a).  Defendants further request that this Court exercise pendant jurisdiction over the remaining claims alleged in the Complaint, all of which arise out of the same operative and common set of nucleus facts, pursuant to 28 U.S.C. § 1367.

4.     This Notice of Removal is filed within 30 days after the receipt by Defendants, by service or otherwise, of a copy of the Second Amended Complaint and Summons herein.

5.     Attached hereto and marked as **Exhibit B** is the Register of Actions in the State District Court.  Defendants have not filed Answers, nor otherwise waived their rights to remove by conduct in state court.

6.     Attached as **Exhibit C** is a copy of all filings in State District Court.

7.     Attached as **Exhibit D** is a joint notice of this removal to be contemporaneously and electronically filed in State District Court and served upon Plaintiff and her counsel.

8.     On November 18, 2020, undersigned counsel for Defendants met and conferred by e-mail regarding removal; pursuant to this conferral, all Defendants hereby agree to and join in the removal of this action.  All other procedures for removal have been followed.

Wherefore, Defendants remove this action from the Second Judicial District Court, Ramsey County, State of Minnesota to the United States District Court of Minnesota.

Dated:  November 20, 2020

**KENNEDY & GRAVEN, CHARTERED**

By:   /s/ Maggie R. Wallner
Maggie R. Wallner (0193458)
Alex D. Ivan (0399607)
Kennedy & Graven, Chartered
Fifth Street Towers
150 South Fifth Street, Suite 700
Minneapolis, MN 55402-1299
Telephone:   (612) 337-9300
E-mail:        mwallner@kennedy-graven.com
                   aivan@kennedy-graven.com

*Attorneys for Defendant ISD No. 623*

Dated:  November 20, 2020

**ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, P.A.**

By:   /s/ Kari M. Dahlin    (with permission)
Kari M. Dahlin (#0314365)
Eugene C. Shermoen, Jr. (#183246)
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, MN 55402-3214
P: (612) 339-3500
F: (612) 339-7655
kmdahlin@ArthurChapman.com
ecshermoen@ArthurChapman.com

*Attorneys for Defendant Geraldine Cook*

**STATE OF MINNESOTA**                                   **DISTRICT COURT**

**COUNTY OF RAMSEY**                          **SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **B.S., a minor, by and through her parent and natural guardian, Stephanie Smith**, | Case No. _____ |
| Plaintiff, | |
| v. | **SUMMONS** |
| **Independent School District No. 623, aka Roseville Area Schools** | |
| Defendant. | |

THIS SUMMONS IS DIRECTED TO INDEPENDENT SCHOOL DISTRICT NO. 623, AKA ROSEVILLE AREA SCHOOLS

   1.  **YOU ARE BEING SUED.**  The Plaintiffs have started a lawsuit against you.  The Plaintiffs' Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

   2.  **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response**, called an Answer, within 21 days of the date on which you receive this Summons.  You must send a copy of your Answer to the person who signed this summons located at:

Sam Kramer

**MADIA LAW LLC**

323 Washington Avenue North, #200

Minneapolis, MN 55401

**Exhibit A**

3.  **YOU MUST RESPOND TO EACH CLAIM.**   The Answer is your written response the Plaintiffs' Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4.  **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.**  If you do not provide a written Answer in response to this Complaint to the person who signed this Summons within 20 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.

5.  **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose this case.**

6.  **ALTERNATIVE DISPUTE RESOLUTION.**   The parties may agree or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:  August 20, 2020                    MADIA LAW LLC


/s/ Sam Kramer_____
Samuel Kramer, MN #400743
Joshua A. Newville, MN # 395221
323 Washington Avenue N., #200
Minneapolis, Minnesota 55401
Ph: 612.349.2720 | F: 612.235.3357
Email: sjkramer@madialaw.com

**STATE OF MINNESOTA**

**COUNTY OF RAMSEY**

**DISTRICT COURT**

**SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **B.S., a minor, by and through her parent and natural guardian, Stephanie Smith**, | Case No. _____ |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT (JURY TRIAL DEMANDED)** |
| **Independent School District No. 623, aka Roseville Area Schools, Geraldine Cook in her individual capacity** | |
| Defendants. | |

## INTRODUCTION

1.     Defendant Roseville Area Schools knew that one of its second grade teachers was discriminating against her African-American students and lashing out at them in disturbing and unsafe ways. Despite this knowledge, it did nothing to protect those students, allowing the teacher to stay in the classroom with minimal supervision. That teacher eventually assaulted one of her students, Plaintiff B.S., an African-American second grader. When RAS learned of this and other assaults by the teacher, it tried to cover the situation up, waiting several days before removing the teacher and then doing so quietly and without explanation. It only responded to B.S.'s mother's inquiries after media organizations reported on the series of discriminatory and assaultive incidents. B.S. now seeks redress for the violation of her rights under state and federal law.

## JURISDICTION AND VENUE

2.    This Court has general jurisdiction over the subject matter of this claim pursuant to Minn. Stat. § 484.01, subd. 1(1).

3.    Venue in Ramsey County is proper under Minn. Stat. § 542.09 because the claims arose in Ramsey County, and Defendant does business there.

## PARTIES

4.    Plaintiff B.S., a minor, brings these claims by and through her parent and natural guardian Stephanie Smith. B.S. attended Harambee Elementary School in the Roseville Area School District from approximately September 2019 through November 2019, and is currently about to enter third grade at another elementary school in the District. B.S. is African-American.

5.    Defendant Independent School District No. 623, also known as Roseville Area Schools, is a public agency of the State of Minnesota with its headquarters and activities located in Ramsey County, Minnesota.

6.    Defendant Geraldine Cook is an individual who was a teacher at Harambee Elementary School in Independent School District No. 623. Cook was Plaintiff B.S.'s teacher at the beginning of the 2019-20 school year. At all times relevant herein, Cook acted under color of state law and within the scope of her duties as an employee of Independent School District No. 623.

## GENERAL ALLEGATIONS

7.    B.S. was a second grader during the 2019-2020 school year. She was assigned to the classroom of teacher Geraldine Cook at Harambee Elementary School in the

Roseville Area Schools (RAS).

8.  B.S.'s mother is Stephanie Smith.

9.  Unbeknownst to Smith and the other parents of Cook's students, the District has received several reports of Cook abusing her students over the years.

10.  Cook had been involved in the following incidents in the years prior to the 2019-20 school year, all of which were known to the District:

    a.  In April 2015, Cook placed her hands on a student and yelled at students in anger and frustration.

    b.  In July 2015, Cook put her hands on a student's shoulders and physically moved the student away from a drinking fountain.

    c.  In July 2016, Cook grabbed a student by the arm, causing the student to fall to the ground.

    d.  In July 2017, Cook tapped a student on the head with a stack of papers.

    e.  In October 2017, Cook again placed her hands on a student.

    f.  In January 2018, Cook placed her hands on a student and physically moved the student into a seat on a school bus.

11.  During the 2018-19 school year, Cook engaged in a campaign of bullying an African-American student in her class.

12.  Cook routinely forced the student to sit separately from the rest of his class and belittled him in front of his classmates when he asked questions about his schoolwork.

13.  On one occasion, the student tried to ask a question of a classmate sitting near

him because he did not understand an assignment. Cook took exception with him speaking during her lesson and grabbed him by the arm to pull him away from the other student.

14.  Cook also segregated the student and all the other African-American students in the class from the non-African-American students.

15.  The student was too afraid of Cook to tell his mother about the bullying he was experiencing and instead began pretending to be sick to avoid school.

16.  The student's mother eventually pressed him to explain why he was avoiding school and he told her that Cook was mistreating him.

17.  The mother did not know what to think so she made an appointment to meet with Cook and Principal Delon Smith.

18.  Principal Smith did not show up at the meeting.

19.  Cook denied abusing the student, but the mother observed that he was terrified of Cook as he sat watching her speak to his mother. She concluded he was telling the truth and Cook was lying.

20.  The mother then called Principal Smith's office several times to make an appointment. He never returned her phone calls.

21.  She also called the District office and reported Cook's misconduct. The woman with whom she spoke said the District would investigate and follow up with her, but never did.

22.  She then cornered Principal Smith at an event and confronted him with her son's allegations against Cook. Principal Smith said he could not discuss the matter at

62-CV-20-5134

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

that time but told her to call an assistant in his office to make an appointment.

23.  The mother spoke to the assistant Principal Smith had identified but the assistant told her that she had no control over Principal Smith's schedule and had no idea why he would tell the mother to contact her.

24.  The mother then managed to schedule a meeting with the school's special education team—which included Cook and Principal Smith—to discuss testing her son for special services.

25.  At the meeting, the mother confronted Cook and Principal Smith about Cook's abuse of her son and Principal Smith's failure to address it. She informed them that she would remove her son from the school immediately.

26.  The mother withdrew the student from Harambee and he began attending school in another district.

27.  The District knew of all of these incidents but allowed Cook to stay in the classroom without any supervision during the school day when B.S. started the 2019-20 school year in her class.

28.  At the beginning of the 2019-2020 school year, B.S. was one of about 4-6 African-American students in Cook's class.

29.  From the beginning of the school year, Cook expressed resentment toward the African-American students in her class, telling one parent on September 6 that she was struggling with a "particular group of students," referring to the African-American students in the class.

30.  Cook separated the African-American students from their classmates, making

them sit together as a group in the classroom, just as she had during the 2018-19 school year.

31.  At the same time, Cook appeared to be on the verge of a breakdown. She behaved erratically and blew minor behavioral incidents out of proportion. Parents and staff who observed her believed she was unstable.

32.  At least one parent reported concerns about Cook's behavior and her treatment of African-American students to Principal Smith in September 2019.

33.  Despite having full knowledge of Cook's history of abusing students, when Smith learned of Cook's erratic behavior toward students in September 2019, he did nothing to address the problem or protect the students in the classroom.

34.  Cook was absent from school for a while in September 2019. Neither Principal Smith nor anybody else from RAS communicated with the parents of Cook's students about why Cook was absent.

35.  Cook returned from leave by the beginning of October 2019.

36.  By late September 2019, RAS had notice that Cook posed a risk to her students and was especially hostile toward her African-American students.

37.  By late September 2019, it was reasonably foreseeable to RAS that Cook could harm one of her students, especially her African-American students.

38.  On or around October 2, 2019, Cook did, in fact, harm B.S. She became angry at B.S. for some perceived misbehavior and responded by grabbing B.S. by the arm and pulling so hard that she ripped B.S.'s shirt sleeve.

39.  The incident caused B.S. physical and emotional pain.

40.  B.S.'s mother, Stephanie Smith, learned of the incident when B.S. came home that day with a torn shirt and explained what had happened. Smith demanded an explanation from Cook. Cook denied B.S.'s allegation and refused to meet with Smith.

41.  A few weeks later, Smith saw on the evening news that at least one other student in the class had alleged Cook had assaulted him.

42.  Smith demanded a meeting with Principal Smith.

43.  Principal Smith provided little information to Smith and instead tried to take credit for getting Cook out of the classroom around October 12 after his own investigation had confirmed that she had assaulted students and discriminated against African-American students.

44.  In reality, Principal Smith had kept all of this from Smith and most of the other parents of Cook's students until he was forced to disclose it when the media reported it.

45.  In fact, Cook had stayed in the classroom—causing great fear and anxiety to B.S. and the other students she had assaulted—for several days after Principal Smith knew of the assaults. Cook was still responding to parent emails as late as October 23.

46.  RAS's response to learning that Cook had harmed and discriminated against B.S. and other students was to cover it up and keep parents in the dark, causing additional harm by creating an environment of fear for Cook's students and preventing their parents from knowing enough about what was happening in the classroom to provide their children with the necessary support.

47.  As a result of Cook's actions and RAS's subsequent coverup, Smith chose to

62-CV-20-5134

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

transfer B.S. and her sibling to another school in the District, causing a significant

disruption to her education.

## COUNT 1:

### RACE DISCRIMINATION – ROSEVILLE AREA SCHOOLS

### Minnesota Human Rights Act, Minn. Stat. § 363A.13

48. B.S. incorporates the allegations set forth in each of the preceding and

subsequent paragraphs as if fully set forth herein and throughout.

49. The Defendants' conduct as alleged herein constitutes intentional

discrimination against B.S. because of her race.

50. Cook treated B.S. and other African-American students differently because of

their race. She physically separated them from their peers, referred to them as a group of

troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her by

grabbing her by the arm and pulling so hard she ripped her sleeve. Cook was motivated by

B.S.'s race when she did this.

51. RAS's conduct, through Cook, constitutes discrimination because of race.

52. As a result of RAS's unlawful discrimination, B.S. is entitled to all damages

and equitable relief available in law and equity, including but not limited to: compensatory

damages, liquidated damages, treble damages, punitive damages, injunctive relief,

reimbursement for costs and fees, and more.

## COUNT 2:

### BATTERY – ROSEVILLE AREA SCHOOLS AND GERALDINE COOK

**Minnesota Common Law**

53. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

54. Cook committed battery against B.S. when she intentionally engaged in harmful and offensive contact with B.S. by grabbing her arm and pulling on it so hard that her shirt ripped.

55. RAS is vicariously liable for Cook's act of battery through *respondeat superior* because she committed it in the course of her employment duties and it was reasonably foreseeable to RAS that she would act in discriminatory and physically harmful ways toward her students based on earlier reports of her behavior.

56. As a result of RAS's battery, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 3:

## <u>NEGLIGENT SUPERVISION – ROSEVILLE AREA SCHOOLS</u>

**Minnesota Common Law**

57. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

58. As an employer, RAS had a duty to exercise reasonable care in supervising Cook so as to prevent foreseeable misconduct that she could cause harm to others.

59. RAS knew or should have known that Cook presented a risk of harm to her students. Despite this knowledge, RAS was negligent in its supervision of Cook, thereby

exposing B.S. and other students to a significant risk of harm. RAS's failed to exercise ordinary care in supervising Cook.

60.  As a result of RAS's negligent supervision of Cook, B.S. was harmed by Cook when Cook committed battery against her by grabbing her arm and pulling so hard that her shirt ripped.

61.  Cook was acting within the scope of her employment duties when she committed battery.

62.  As a result of RAS's negligent supervision of Cook, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 4:

## NEGLIGENT RETENTION

### Minnesota Common Law

63.  B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

64.  As an employer, RAS had a duty to exercise reasonable care in determining whether to retain Cook so as to avoid putting students and other members of the public at risk of harm caused by her.

65.  RAS failed to exercise ordinary care in retaining Cook. RAS knew or should have known that Cook presented a risk of harm to her students but retained her anyway, thereby exposing B.S. and other students to that risk.

66. As a proximate result of RAS's decision to retain Cook, B.S. was harmed by Cook when she committed battery against her by grabbing her arm and pulling so hard that her shirt ripped.

67. As a result of RAS's negligent retention of Cook, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 5:

## EQUAL PROTECTION – GERALDINE COOK

### 14th Amendment of the United States Constitution through 42 U.S.C. § 1983

68. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

69. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution guarantees equal protection of the law to all people and thus prohibits racial discrimination in public services, including education.

70. 42 U.S.C. § 1983 allows citizens to seek redress for violations of their constitutional rights committed by individuals acting under color of state law.

71. Cook, acting under color of state law, treated B.S. and other African-American students differently because of their race. She physically separated them from their peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her. Cook was motivated by B.S.'s race when she did this.

72. Cook's conduct constituted discrimination because of race.

73. As a result of the District's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 6:

## RACE DISCRIMINATION – ROSEVILLE AREA SCHOOLS

### Title VI of the Civil Rights Act of 1964 – 42 U.S.C. § 2000d et seq.

74. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

75. Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race in public programs, including public schools.

76. Cook treated B.S. and other African-American students differently because of their race. She physically separated them from their peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her. Cook was motivated by B.S.'s race when she did this.

77. RAS's conduct, through Cook, constitutes intentional discrimination because of race.

78. As a result of the District's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, injunctive relief, reimbursement for costs and fees, and more.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court:

Enter a judgment in favor of Plaintiff and against Defendants as follows:

1. An order granting Plaintiff judgments against Defendants;

2. An order granting Plaintiff compensatory damages, as the jury determines;

3. An order granting Plaintiff punitive damages, as the jury determines;

4. An order granting Plaintiff treble damages;

5. An order granting Plaintiff liquidated damages;

6. An order granting Plaintiff injunctive and declaratory relief against Defendants, whereby the Defendants are temporarily and permanently enjoined and restrained from any further discrimination, reprisal or retaliation of Plaintiff or similarly situated persons;

7. An order for Defendants to pay Plaintiff's costs, interest, and attorneys' fees;

8. An order for Defendants to pay any and all further relief available, such as any relief this Court may consider equitable or appropriate.

***Plaintiff demands a jury trial.***

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

Dated: October 21, 2020        **MADIA LAW LLC**


/s/ Sam Kramer_____
Samuel Kramer, MN #400743
Joshua A. Newville, MN # 395221
Madia Law LLC
323 Washington Avenue N., #200
Minneapolis, Minnesota  55401
Ph: 612.349.2743 | F: 612.235.3357
Email: sjkramer@madialaw.com

**Attorneys for Plaintiff B.S.**


## STATUTORY ACKNOWLEDGMENT

The undersigned hereby acknowledges that, pursuant to Minn. Stat. § 549.211, sanctions may be awarded to the parties against whom the allegations in the pleadings are asserted.


/s/Sam Kramer
Sam Kramer

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back   Location : - Ramsey Civil   Help

# REGISTER OF ACTIONS
## CASE NO. 62-CV-20-5134

| | |
|---|---|
| **B.S., a Minor, by and through her parent and natural guardian, Stephanie Smith vs Independent School District No. 623, Geraldine Cook** § § § § § § | Case Type: **Discrimination** <br> Date Filed: **10/22/2020** <br> Location: **Ramsey Civil** <br> Judicial Officer: **Nelson, Laura** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| Defendant | **Cook, Geraldine** | | Lead Attorneys <br> **KARI MARIE DAHLIN** <br> *Retained* <br> 612-339-3500(W) |
| Defendant | **Independent School District No. 623** | | **MAGGIE R WALLNER** <br> *Retained* <br> 612-337-9300(W) |
| Plaintiff | **Smith, Stephanie** <br> <br> Minneapolis, MN 55401 | | **SAMUEL JOHN LUNDE KRAMER** <br> *Retained* <br> 612-349-2720(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 10/22/2020 | **Amended Summons and Complaint** | **Index # 1** |
| 10/22/2020 | **Civil Cover Sheet** | **Index # 2** |
| 10/22/2020 | **Notice of Motion and Motion** | **Index # 3** |
| 10/22/2020 | **Proposed Order or Document** | **Index # 4** |
| 10/22/2020 | **Stipulation** | **Index # 5** |
| 10/22/2020 | **Amended Summons and Complaint** | **Index # 6** |
| 10/22/2020 | **Waiver of Personal Service** | **Index # 7** |
| 10/22/2020 | **Complaint-Civil** | **Index # 8** |
| 10/26/2020 | **Stipulation** | **Index # 9** |
| 10/28/2020 | **Pandemic Event** | |
| 10/28/2020 | **Notice of Case Filing and Assignment** | **Index # 10** (Judicial Officer: Nelson, Laura ) |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Smith, Stephanie | | |
| | Total Financial Assessment | | 475.00 |
| | Total Payments and Credits | | 475.00 |
| | **Balance Due as of 11/19/2020** | | **0.00** |
| 10/22/2020 | Transaction Assessment | | 475.00 |
| 10/22/2020 | E-File Electronic Payment    Receipt # EP62C-2020-08514 | Smith, Stephanie | (475.00) |

**Exhibit B**

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

**STATE OF MINNESOTA**                    **DISTRICT COURT**

**COUNTY OF RAMSEY**              **SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **B.S., a minor, by and through her parent and natural guardian, Stephanie Smith**, | Case No. _____ |
| Plaintiff, | |
| v. | |
| **Independent School District No. 623, aka Roseville Area Schools, Geraldine Cook in her individual capacity** | **FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED)** |
| Defendants. | |

## INTRODUCTION

1.      Defendant Roseville Area Schools knew that one of its second grade teachers was discriminating against her African American students and lashing out at them in disturbing and unsafe ways. Despite this knowledge, it did nothing to protect those students, allowing the teacher to stay in the classroom with minimal supervision. That teacher eventually assaulted one of her students, Plaintiff B.S., an African American second grader. When RAS learned of this and other assaults by the teacher, it tried to cover the situation up, waiting several days before removing the teacher and then doing so quietly and without explanation. It only responded to B.S.'s mother's inquiries after media organizations reported on the series of discriminatory and assaultive incidents. B.S. now seeks redress for the violation of her rights under state and federal law.

**Exhibit C**

## JURISDICTION AND VENUE

2.     This Court has general jurisdiction over the subject matter of this claim pursuant to Minn. Stat. § 484.01, subd. 1(1).

3.     Venue in Ramsey County is proper under Minn. Stat. § 542.09 because the claims arose in Ramsey County, and Defendant does business there.

## PARTIES

4.     Plaintiff B.S., a minor, brings these claims by and through her parent and natural guardian Stephanie Smith. B.S. attended Harambee Elementary School in the Roseville Area School District from approximately September 2019 through November 2019, and is currently about to enter third grade at another elementary school in the District. B.S. is African American.

5.     Defendant Independent School District No. 623, also known as Roseville Area Schools, is a public agency of the State of Minnesota with its headquarters and activities located in Ramsey County, Minnesota.

6.     Defendant Geraldine Cook is an individual who was a teacher at Harambee Elementary School in Independent School District No. 623. Cook was Plaintiff B.S.'s teacher at the beginning of the 2019-20 school year. At all times relevant herein, Cook acted under color of state law and within the scope of her duties as an employee of Independent School District No. 623.

## GENERAL ALLEGATIONS

7.     B.S. was a second grader during the 2019-2020 school year. She was assigned to the classroom of teacher Geraldine Cook at Harambee Elementary School in

the Roseville Area Schools (RAS).

8.     B.S. was one of about 4-6 African American students in Cook's class.

9.     From the beginning of the school year, Cook expressed resentment toward the African American students in her class, telling one parent on September 6 that she was struggling with a "particular group of students," referring to the African American students in the class.

10.     Cook separated the African American students from their classmates, making them sit together as a group in the classroom.

11.     At the same time, Cook appeared to be on the verge of a breakdown. She behaved erratically and blew minor behavioral incidents out of proportion. Parents and staff who observed her believed she was unstable.

12.     At least one parent reported concerns about Cook's behavior and her treatment of African American students to Principal Delon Smith in September 2019.

13.     Cook was absent from school for a while in September 2019. Neither Principal Smith nor anybody else from RAS communicated with the parents of Cook's students about why Cook was absent.

14.     Cook returned from leave by the beginning of October 2019.

15.     By late September 2019, RAS had notice that Cook posed a risk to her students and was especially hostile toward her African American students.

16.     By late September 2019, it was reasonably foreseeable to RAS that Cook could harm one of her students, especially her African American students.

17.     On or around October 2, 2019, Cook did, in fact, harm B.S. She became

3

angry at B.S. for some perceived misbehavior and responded by grabbing B.S. by the arm and pulling so hard that she ripped B.S.'s shirt sleeve.

18.    The incident caused B.S. physical and emotional pain.

19.    B.S.'s mother, Stephanie Smith, learned of the incident when B.S. came home that day with a torn shirt and explained what had happened. Smith demanded an explanation from Cook. Cook denied B.S.'s allegation and refused to meet with Smith.

20.    A few weeks later, Smith saw on the evening news that at least one other student in the class had alleged Cook had assaulted him.

21.    Smith demanded a meeting with Principal Smith.

22.    Principal Smith provided little information to Smith and instead tried to take credit for getting Cook out of the classroom around October 12 after his own investigation had confirmed that she had assaulted students and discriminated against African American students.

23.    In reality, Principal Smith had kept all of this from Smith and most of the other parents of Cook's students until he was forced to disclose it when the media reported it.

24.    In fact, Cook had stayed in the classroom—causing great fear and anxiety to B.S. and the other students she had assaulted—for several days after Principal Smith knew of the assaults. Cook was still responding to parent emails as late as October 23.

25.    RAS's response to learning that Cook had harmed and discriminated against B.S. and other students was to cover it up and keep parents in the dark, causing additional harm by creating an environment of fear for Cook's students and preventing their parents

from knowing enough about what was happening in the classroom to provide their children with the necessary support.

26.     As a result of Cook's actions and RAS's subsequent coverup, Smith chose to transfer B.S. and her sibling to another school in the District, causing a significant disruption to her education.

## COUNT 1:

## RACE DISCRIMINATION – ROSEVILLE AREA SCHOOLS

### Minnesota Human Rights Act, Minn. Stat. § 363A.13

27.     B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

28.     The Defendants' conduct as alleged herein constitutes intentional discrimination against B.S. because of her race.

29.     Cook treated B.S. and other African American students differently because of their race. She physically separated them from their peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her by grabbing her by the arm and pulling so hard she ripped her sleeve. Cook was motivated by B.S.'s race when she did this.

30.     RAS's conduct, through Cook, constitutes discrimination because of race.

31.     As a result of RAS's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory

damages, liquidated damages, treble damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 2:

## <u>BATTERY – ROSEVILLE AREA SCHOOLS AND GERALDINE COOK</u>

### Minnesota Common Law

32.    B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

33.    Cook committed battery against B.S. when she intentionally engaged in harmful and offensive contact with B.S. by grabbing her arm and pulling on it so hard that her shirt ripped.

34.    RAS is vicariously liable for Cook's act of battery through *respondeat superior* because she committed it in the course of her employment duties and it was reasonably foreseeable to RAS that she would act in discriminatory and physically harmful ways toward her students based on earlier reports of her behavior.

35.    As a result of RAS's battery, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 3:

## <u>NEGLIGENT SUPERVISION – ROSEVILLE AREA SCHOOLS</u>

### Minnesota Common Law

36.    B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

37.    As an employer, RAS had a duty to exercise reasonable care in supervising Cook so as to prevent foreseeable misconduct that she could cause harm to others.

38.    RAS knew or should have known that Cook presented a risk of harm to her students. Despite this knowledge, RAS was negligent in its supervision of Cook, thereby exposing B.S. and other students to a significant risk of harm. RAS's failed to exercise ordinary care in supervising Cook.

39.    As a result of RAS's negligent supervision of Cook, B.S. was harmed by Cook when Cook committed battery against her by grabbing her arm and pulling so hard that her shirt ripped.

40.    Cook was acting within the scope of her employment duties when she committed battery.

41.    As a result of RAS's negligent supervision of Cook, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 4:

### EQUAL PROTECTION – GERALDINE COOK

**14th Amendment of the United States Constitution through 42 U.S.C. § 1983**

42.    B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

43.    The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution guarantees equal protection of the law to all people and thus prohibits racial discrimination in public services, including education.

44.    42 U.S.C. § 1983 allows citizens to seek redress for violations of their constitutional rights committed by individuals acting under color of state law.

45.    Cook, acting under color of state law, treated B.S. and other African American students differently because of their race. She physically separated them from their peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her. Cook was motivated by B.S.'s race when she did this.

46.    Cook's conduct constituted discrimination because of race.

47.    As a result of the District's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 5:

## RACE DISCRIMINATION – ROSEVILLE AREA SCHOOLS

### Title VI of the Civil Rights Act of 1964 – 42 U.S.C. § 2000d et seq.

48.    B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

49.    Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race in public programs, including public schools.

50.    Cook treated B.S. and other African American students differently because of their race. She physically separated them from their peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her. Cook was motivated by B.S.'s race when she did this.

51.    RAS's conduct, through Cook, constitutes intentional discrimination because of race.

52.    As a result of the District's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, injunctive relief, reimbursement for costs and fees, and more.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court:

Enter a judgment in favor of Plaintiff and against Defendants as follows:

1.    An order granting Plaintiff judgments against Defendants;

2.    An order granting Plaintiff compensatory damages, as the jury determines;

3.    An order granting Plaintiff punitive damages, as the jury determines;

4.    An order granting Plaintiff treble damages;

5.    An order granting Plaintiff liquidated damages;

6.    An order granting Plaintiff injunctive and declaratory relief against Defendants, whereby the Defendants are temporarily and permanently enjoined and restrained from any further discrimination, reprisal or retaliation of Plaintiff or similarly situated persons;

7.    An order for Defendants to pay Plaintiff's costs, interest, and attorneys' fees;

8.    An order for Defendants to pay any and all further relief available, such as any relief this Court may consider equitable or appropriate.

*Plaintiff demands a jury trial.*

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

Dated: September 23, 2020                    **MADIA LAW LLC**


                                             /s/ Sam Kramer
                                             Samuel Kramer, MN #400743
                                             Joshua A. Newville, MN # 395221
                                             Madia Law LLC
                                             323 Washington Avenue N., #200
                                             Minneapolis, Minnesota  55401
                                             Ph: 612.349.2743 | F: 612.235.3357
                                             Email: sjkramer@madialaw.com

                                             **Attorneys for Plaintiff B.S.**


## STATUTORY ACKNOWLEDGMENT

The undersigned hereby acknowledges that, pursuant to Minn. Stat. § 549.211, sanctions may be awarded to the parties against whom the allegations in the pleadings are asserted.

/s/Sam Kramer
Sam Kramer

**State of Minnesota**                                         **District Court**

| County of | Judicial District: Second |
|---|---|
| Ramsey | Court File Number: _____ |
| | Case Type: Discrimination |

Stephanie Smith
_____
Plaintiff (first, middle, last)

vs.

ISD No. 623 and Geraldine Cook
_____
Defendant (first, middle, last)

**Civil Cover Sheet
(Non-Family Case Type)**
Minn. R. Gen. Prac. 104

Date Case Filed: 10/21/2020
_____

This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal counsel, unless the court orders all parties or their legal counsel to complete this form. Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already been ordered to complete this form may submit their own cover sheet within ten days after being served with the initial cover sheet. See Rule 104 of the General Rules of Practice for the District Courts.

**If information is not known to the filing party at the time of filing, it shall be provided to the Court Administrator in writing by the filing party within seven (7) days of learning the information.** Any party impleading additional parties shall provide the same information to the Court Administrator. The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned.

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| Sam Kramer | Maggie R. Wallner |
| Attorney Name (not firm name) | Attorney Name (not firm name) |
| Madia Law LLC 323 Washington Ave. N. 200 | 150 S. 5th Street, Ste. 700 |
| Postal Address | Postal Address |
| Minneapolis        MN      55401 | Minneapolis        MN      55402 |
| City        State    Zip Code | City        State    Zip Code |
| (612) 349-2720 | (612) 337-9300 |
| Telephone Number | Telephone Number |
| sjkramer@madialaw.com | MWallner@kennedy-graven.com |
| E-mail Address | E-mail Address |
| 400743 | 193458 |
| Minnesota Attorney ID Number | Minnesota Attorney ID Number |

PLAINTIFF, Self-represented          DEFENDANT, Self-represented

_____      _____
Name                                  Name

_____      _____
Postal Address                        Postal Address

_____ _____ _____    _____ _____ _____
City          State   Zip Code       City          State   Zip Code

_____      _____
Telephone Number                      Telephone Number

_____      _____
E-mail Address                        E-mail Address

(Attach additional sheets for additional attorneys / parties)

Note: If either Plaintiff or Defendant gets an attorney, the attorney's name, address, telephone number and attorney ID number must be given in writing to the Court Administrator immediately.

1.    Provide a concise statement of the case including facts and legal basis:

      Plaintiff alleges on behalf of her minor child that Defendant Cook, while employed by Defendant School District, discriminated against her because of her race and committed battery. Plaintiff alleges Defendant District is liable under a theory of resondeat superior for Cook's actions.

2.    Date Complaint was served:   08/20/2020

3.    For Expedited Litigation Track (ETLT) Pilot Courts only:

      a.   ☐ The parties jointly and voluntarily agree that this case shall be governed by the

           Special Rules of ELT Pilot. Date of agreement: _____

      b.   ☐ The court is requested to consider excluding this case from ELT for the

           following reasons:

           _____

           _____

           _____

           _____

      Note: ELT is mandatory in certain cases, and where mandatory, exclusion may also be sought by timely motion under the Special Rules for ELT Pilot.

      c.   ☐ Anticipated number of trial witnesses: _____

    d.  ☐ Amount of medical expenses to date: _____

    e.  ☐ Amount of lost wages to date: _____

    f.  ☐ Identify any known subrogation interests: _____

4.    For Complex Cases (See Minn. Gen. Prac. 146):

    a.  Is this case a "complex case" as defined in Rule 146? ☐ Yes  ☐ No

    b.  State briefly the reasons for complex case treatment for this case:

        _____

        _____

        _____

        _____

    c.  Have the parties filed a "CCP Election" for this case as provided in Rule 146(d)?

      ☐ Yes  ☐ No

5.    Estimated discovery completion within _____ months from the date of this form.

6.    Disclosure/discovery of electronically stored information discussed with other party?

    ☒ No  ☐ Yes  Date of discussion: _____

    If yes, list agreements, plans and disputes:

        _____

        _____

        _____

        _____

7.    Proposed trial start date: _____

8.    Estimated trial time: _____ days _____ hours (estimates less than a day must be stated in hours).

9.    Jury trial is:

    ○ waived by consent of _____ pursuant to Minn. R. Civ. P. 38.02.
                       (specify party)

    ◉ requested by  Plaintiff _____ (NOTE: Applicable fee must be enclosed)
                  (specify party)

10.   Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested.

    ☐ Yes  ☐ No

11.   Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect):

    _____

    _____

_____

_____

12.    Issues in dispute:

_____

_____

_____

_____

13.    Case Type/Category: Discrimination          (NOTE: select case types from the Civil

Case Type Index found at http://www.mncourts.gov/mncourtsgov/media/scao_library/
documents/eFile%20Support/Handout-Case-Type-Index.pdf.)

14.    Recommended Alternative Dispute Resolution (ADR) mechanism: _____

(See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))

Recommended ADR provider (known as a "neutral") _____

Recommended ADR completion date: _____

If applicable, reasons why ADR not appropriate for this case:

_____

_____

By signing below, the attorney or party submitting this form certifies that the above information
is true and correct.

Submitted by:

/s/  Sam Kramer_____
Signature

Name: Sam Kramer_____

Attorney Reg. #: 400743_____

Firm/Agency Name: Madia Law LLC_____

Street Address: 323 Washington Ave. N. #200_____

City/State/Zip Code: Minneapolis, MN 55401_____

Telephone: 612.349.2720_____

Date:   10/21/2020_____

**STATE OF MINNESOTA**                    **DISTRICT COURT**

**COUNTY OF RAMSEY**                **SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **B.S., a minor, by and through her parent and natural guardian, Stephanie Smith**, | Case No. _____ |
| Plaintiff, | |
| v. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO UTILIZE INITIALS OR PSUEDONYM** |
| **Independent School District No. 623, aka Roseville Area Schools, Geraldine Cook in her individual capacity** | |
| Defendants. | |

PLEASE TAKE NOTICE that Plaintiff moves the Court to allow the use of a

Pseudonym for the Minor Child of Stephanie Berry, to be referred to with court approval

by initials as "B.S.".

Dated: October 21, 2020            **MADIA LAW LLC**

                                    _/s/ Sam Kramer_____
                                    Samuel Kramer, MN #400743
                                    Joshua A. Newville, MN # 395221
                                    Madia Law LLC
                                    323 Washington Avenue N., #200
                                    Minneapolis, Minnesota  55401
                                    Ph: 612.349.2743 | F: 612.235.3357
                                    Email: sjkramer@madialaw.com

                                    **Attorneys for Plaintiff**

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF RAMSEY** | **SECOND JUDICIAL DISTRICT** |

**B.S., a minor, by and through her parent and natural guardian, Stephanie Smith**,

        Plaintiff,

   v.

**Independent School District No. 623, aka Roseville Area Schools, Geraldine Cook in her individual capacity**

        Defendants.

Case No. _____

**[PROPOSED] ORDER**

Based on files and the Court's own deliberation, Plaintiff's Motion to Utilize Initials or Pseudonym is **GRANTED.**

**IT IS SO ORDERED.**

Date:

_____

Ramsey County District Court

**STATE OF MINNESOTA**                    **DISTRICT COURT**

**COUNTY OF RAMSEY**            **SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **B.S., a minor, by and through her parent and natural guardian, Stephanie Smith**, | Case No. _____ |
| Plaintiff, | |
| v. | **STIPULATION OF DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 623 AND PLAINTIFF FOR FILING OF SECOND AMENDED COMPLAINT** |
| **Independent School District No. 623, aka Roseville Area Schools, Geraldine Cook in her individual capacity** | |
| Defendants. | |

Independent School District No. 623 consents to Plaintiff filing a second amended complaint under Minnesota Rule of Civil Procedure 15.01. Plaintiff stipulates to the extension of the deadline for the filing of a responsive pleading by Independent School District No. 623 to 30 days after service of the Complaint.

Dated: October 20, 2020            **MADIA LAW LLC**

 /s/ Sam Kramer
Samuel Kramer, MN #400743
Joshua A. Newville, MN # 395221
Madia Law LLC
323 Washington Avenue N., #200
Minneapolis, Minnesota  55401
Ph: 612.349.2743 | F: 612.235.3357
Email: sjkramer@madialaw.com

**Attorneys for Plaintiff B.S.**

Dated:  October 20, 2020                    **KENNEDY & GRAVEN, CHARTERED**


                                            By:  _____*/s/ Maggie R. Wallner*_____
                                            Maggie R. Wallner (#0193458)
                                            Alex D. Ivan (#0399607)
                                            Fifth Street Towers
                                            150 S. 5th Street, Ste 700
                                            Minneapolis, MN 55402-1299
                                            Telephone:  (612) 337-9300

                                            *Attorneys for Defendant Roseville Area Schools*

**STATE OF MINNESOTA**                           **DISTRICT COURT**

**COUNTY OF RAMSEY**                  **SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **B.S., a minor, by and through her parent and natural guardian, Stephanie Smith**, | Case No. _____ |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT (JURY TRIAL DEMANDED)** |
| **Independent School District No. 623, aka Roseville Area Schools, Geraldine Cook in her individual capacity** | |
| Defendants. | |

## INTRODUCTION

1.    Defendant Roseville Area Schools knew that one of its second grade teachers was discriminating against her African-American students and lashing out at them in disturbing and unsafe ways. Despite this knowledge, it did nothing to protect those students, allowing the teacher to stay in the classroom with minimal supervision. That teacher eventually assaulted one of her students, Plaintiff B.S., an African-American second grader. When RAS learned of this and other assaults by the teacher, it tried to cover the situation up, waiting several days before removing the teacher and then doing so quietly and without explanation. It only responded to B.S.'s mother's inquiries after media organizations reported on the series of discriminatory and assaultive incidents. B.S. now seeks redress for the violation of her rights under state and federal law.

1

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

## JURISDICTION AND VENUE

2.    This Court has general jurisdiction over the subject matter of this claim pursuant to Minn. Stat. § 484.01, subd. 1(1).

3.    Venue in Ramsey County is proper under Minn. Stat. § 542.09 because the claims arose in Ramsey County, and Defendant does business there.

## PARTIES

4.    Plaintiff B.S., a minor, brings these claims by and through her parent and natural guardian Stephanie Smith. B.S. attended Harambee Elementary School in the Roseville Area School District from approximately September 2019 through November 2019, and is currently about to enter third grade at another elementary school in the District. B.S. is African-American.

5.    Defendant Independent School District No. 623, also known as Roseville Area Schools, is a public agency of the State of Minnesota with its headquarters and activities located in Ramsey County, Minnesota.

6.    Defendant Geraldine Cook is an individual who was a teacher at Harambee Elementary School in Independent School District No. 623. Cook was Plaintiff B.S.'s teacher at the beginning of the 2019-20 school year. At all times relevant herein, Cook acted under color of state law and within the scope of her duties as an employee of Independent School District No. 623.

## GENERAL ALLEGATIONS

7.    B.S. was a second grader during the 2019-2020 school year. She was assigned to the classroom of teacher Geraldine Cook at Harambee Elementary School in the

Roseville Area Schools (RAS).

8.  B.S.'s mother is Stephanie Smith.

9.  Unbeknownst to Smith and the other parents of Cook's students, the District has received several reports of Cook abusing her students over the years.

10.  Cook had been involved in the following incidents in the years prior to the 2019-20 school year, all of which were known to the District:

    a.  In April 2015, Cook placed her hands on a student and yelled at students in anger and frustration.

    b.  In July 2015, Cook put her hands on a student's shoulders and physically moved the student away from a drinking fountain.

    c.  In July 2016, Cook grabbed a student by the arm, causing the student to fall to the ground.

    d.  In July 2017, Cook tapped a student on the head with a stack of papers.

    e.  In October 2017, Cook again placed her hands on a student.

    f.  In January 2018, Cook placed her hands on a student and physically moved the student into a seat on a school bus.

11.  During the 2018-19 school year, Cook engaged in a campaign of bullying an African-American student in her class.

12.  Cook routinely forced the student to sit separately from the rest of his class and belittled him in front of his classmates when he asked questions about his schoolwork.

13.  On one occasion, the student tried to ask a question of a classmate sitting near

him because he did not understand an assignment. Cook took exception with him speaking during her lesson and grabbed him by the arm to pull him away from the other student.

14.   Cook also segregated the student and all the other African-American students in the class from the non-African-American students.

15.   The student was too afraid of Cook to tell his mother about the bullying he was experiencing and instead began pretending to be sick to avoid school.

16.   The student's mother eventually pressed him to explain why he was avoiding school and he told her that Cook was mistreating him.

17.   The mother did not know what to think so she made an appointment to meet with Cook and Principal Delon Smith.

18.   Principal Smith did not show up at the meeting.

19.   Cook denied abusing the student, but the mother observed that he was terrified of Cook as he sat watching her speak to his mother. She concluded he was telling the truth and Cook was lying.

20.   The mother then called Principal Smith's office several times to make an appointment. He never returned her phone calls.

21.   She also called the District office and reported Cook's misconduct. The woman with whom she spoke said the District would investigate and follow up with her, but never did.

22.   She then cornered Principal Smith at an event and confronted him with her son's allegations against Cook. Principal Smith said he could not discuss the matter at

that time but told her to call an assistant in his office to make an appointment.

23.  The mother spoke to the assistant Principal Smith had identified but the assistant told her that she had no control over Principal Smith's schedule and had no idea why he would tell the mother to contact her.

24.  The mother then managed to schedule a meeting with the school's special education team—which included Cook and Principal Smith—to discuss testing her son for special services.

25.  At the meeting, the mother confronted Cook and Principal Smith about Cook's abuse of her son and Principal Smith's failure to address it. She informed them that she would remove her son from the school immediately.

26.  The mother withdrew the student from Harambee and he began attending school in another district.

27.  The District knew of all of these incidents but allowed Cook to stay in the classroom without any supervision during the school day when B.S. started the 2019-20 school year in her class.

28.  At the beginning of the 2019-2020 school year, B.S. was one of about 4-6 African-American students in Cook's class.

29.  From the beginning of the school year, Cook expressed resentment toward the African-American students in her class, telling one parent on September 6 that she was struggling with a "particular group of students," referring to the African-American students in the class.

30.  Cook separated the African-American students from their classmates, making

62-CV-20-5134

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

them sit together as a group in the classroom, just as she had during the 2018-19 school year.

31.  At the same time, Cook appeared to be on the verge of a breakdown. She behaved erratically and blew minor behavioral incidents out of proportion. Parents and staff who observed her believed she was unstable.

32.  At least one parent reported concerns about Cook's behavior and her treatment of African-American students to Principal Smith in September 2019.

33.  Despite having full knowledge of Cook's history of abusing students, when Smith learned of Cook's erratic behavior toward students in September 2019, he did nothing to address the problem or protect the students in the classroom.

34.  Cook was absent from school for a while in September 2019. Neither Principal Smith nor anybody else from RAS communicated with the parents of Cook's students about why Cook was absent.

35.  Cook returned from leave by the beginning of October 2019.

36.  By late September 2019, RAS had notice that Cook posed a risk to her students and was especially hostile toward her African-American students.

37.  By late September 2019, it was reasonably foreseeable to RAS that Cook could harm one of her students, especially her African-American students.

38.  On or around October 2, 2019, Cook did, in fact, harm B.S. She became angry at B.S. for some perceived misbehavior and responded by grabbing B.S. by the arm and pulling so hard that she ripped B.S.'s shirt sleeve.

39.  The incident caused B.S. physical and emotional pain.

40.  B.S.'s mother, Stephanie Smith, learned of the incident when B.S. came home that day with a torn shirt and explained what had happened. Smith demanded an explanation from Cook. Cook denied B.S.'s allegation and refused to meet with Smith.

41.  A few weeks later, Smith saw on the evening news that at least one other student in the class had alleged Cook had assaulted him.

42.  Smith demanded a meeting with Principal Smith.

43.  Principal Smith provided little information to Smith and instead tried to take credit for getting Cook out of the classroom around October 12 after his own investigation had confirmed that she had assaulted students and discriminated against African-American students.

44.  In reality, Principal Smith had kept all of this from Smith and most of the other parents of Cook's students until he was forced to disclose it when the media reported it.

45.  In fact, Cook had stayed in the classroom—causing great fear and anxiety to B.S. and the other students she had assaulted—for several days after Principal Smith knew of the assaults. Cook was still responding to parent emails as late as October 23.

46.  RAS's response to learning that Cook had harmed and discriminated against B.S. and other students was to cover it up and keep parents in the dark, causing additional harm by creating an environment of fear for Cook's students and preventing their parents from knowing enough about what was happening in the classroom to provide their children with the necessary support.

47.  As a result of Cook's actions and RAS's subsequent coverup, Smith chose to

62-CV-20-5134

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

transfer B.S. and her sibling to another school in the District, causing a significant disruption to her education.

## COUNT 1:

### RACE DISCRIMINATION – ROSEVILLE AREA SCHOOLS

### Minnesota Human Rights Act, Minn. Stat. § 363A.13

48. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

49. The Defendants' conduct as alleged herein constitutes intentional discrimination against B.S. because of her race.

50. Cook treated B.S. and other African-American students differently because of their race. She physically separated them from their peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her by grabbing her by the arm and pulling so hard she ripped her sleeve. Cook was motivated by B.S.'s race when she did this.

51. RAS's conduct, through Cook, constitutes discrimination because of race.

52. As a result of RAS's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, liquidated damages, treble damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 2:

### BATTERY – ROSEVILLE AREA SCHOOLS AND GERALDINE COOK

**Minnesota Common Law**

53. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

54. Cook committed battery against B.S. when she intentionally engaged in harmful and offensive contact with B.S. by grabbing her arm and pulling on it so hard that her shirt ripped.

55. RAS is vicariously liable for Cook's act of battery through *respondeat superior* because she committed it in the course of her employment duties and it was reasonably foreseeable to RAS that she would act in discriminatory and physically harmful ways toward her students based on earlier reports of her behavior.

56. As a result of RAS's battery, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 3:

## NEGLIGENT SUPERVISION – ROSEVILLE AREA SCHOOLS

**Minnesota Common Law**

57. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

58. As an employer, RAS had a duty to exercise reasonable care in supervising Cook so as to prevent foreseeable misconduct that she could cause harm to others.

59. RAS knew or should have known that Cook presented a risk of harm to her students. Despite this knowledge, RAS was negligent in its supervision of Cook, thereby

9

exposing B.S. and other students to a significant risk of harm. RAS's failed to exercise ordinary care in supervising Cook.

60.  As a result of RAS's negligent supervision of Cook, B.S. was harmed by Cook when Cook committed battery against her by grabbing her arm and pulling so hard that her shirt ripped.

61.  Cook was acting within the scope of her employment duties when she committed battery.

62.  As a result of RAS's negligent supervision of Cook, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 4:

## NEGLIGENT RETENTION

### Minnesota Common Law

63.  B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

64.  As an employer, RAS had a duty to exercise reasonable care in determining whether to retain Cook so as to avoid putting students and other members of the public at risk of harm caused by her.

65.  RAS failed to exercise ordinary care in retaining Cook. RAS knew or should have known that Cook presented a risk of harm to her students but retained her anyway, thereby exposing B.S. and other students to that risk.

66. As a proximate result of RAS's decision to retain Cook, B.S. was harmed by Cook when she committed battery against her by grabbing her arm and pulling so hard that her shirt ripped.

67. As a result of RAS's negligent retention of Cook, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 5:

## EQUAL PROTECTION – GERALDINE COOK

## 14th Amendment of the United States Constitution through 42 U.S.C. § 1983

68. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

69. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution guarantees equal protection of the law to all people and thus prohibits racial discrimination in public services, including education.

70. 42 U.S.C. § 1983 allows citizens to seek redress for violations of their constitutional rights committed by individuals acting under color of state law.

71. Cook, acting under color of state law, treated B.S. and other African-American students differently because of their race. She physically separated them from their peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her. Cook was motivated by B.S.'s race when she did this.

72. Cook's conduct constituted discrimination because of race.

73. As a result of the District's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 6:

### RACE DISCRIMINATION – ROSEVILLE AREA SCHOOLS

**Title VI of the Civil Rights Act of 1964 – 42 U.S.C. § 2000d et seq.**

74. B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

75. Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race in public programs, including public schools.

76. Cook treated B.S. and other African-American students differently because of their race. She physically separated them from their peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her. Cook was motivated by B.S.'s race when she did this.

77. RAS's conduct, through Cook, constitutes intentional discrimination because of race.

78. As a result of the District's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, injunctive relief, reimbursement for costs and fees, and more.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court:

Enter a judgment in favor of Plaintiff and against Defendants as follows:

1. An order granting Plaintiff judgments against Defendants;

2. An order granting Plaintiff compensatory damages, as the jury determines;

3. An order granting Plaintiff punitive damages, as the jury determines;

4. An order granting Plaintiff treble damages;

5. An order granting Plaintiff liquidated damages;

6. An order granting Plaintiff injunctive and declaratory relief against Defendants, whereby the Defendants are temporarily and permanently enjoined and restrained from any further discrimination, reprisal or retaliation of Plaintiff or similarly situated persons;

7. An order for Defendants to pay Plaintiff's costs, interest, and attorneys' fees;

8. An order for Defendants to pay any and all further relief available, such as any relief this Court may consider equitable or appropriate.

***Plaintiff demands a jury trial.***

62-CV-20-5134

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

Dated: October 21, 2020                    **MADIA LAW LLC**


                                           /s/ Sam Kramer_____
                                           Samuel Kramer, MN #400743
                                           Joshua A. Newville, MN # 395221
                                           Madia Law LLC
                                           323 Washington Avenue N., #200
                                           Minneapolis, Minnesota  55401
                                           Ph: 612.349.2743 | F: 612.235.3357
                                           Email: sjkramer@madialaw.com

                                           **Attorneys for Plaintiff B.S.**


## STATUTORY ACKNOWLEDGMENT

The undersigned hereby acknowledges that, pursuant to Minn. Stat. § 549.211, sanctions may be awarded to the parties against whom the allegations in the pleadings are asserted.


                                           /s/Sam Kramer
                                           Sam Kramer

**State of Minnesota**                                    **District Court**

| County of: | Judicial District: | Second |
|---|---|---|
| Ramsey | Court File Number: | |
| | Case Type: | Civil Rights and Personal Injury |

B.S., a minor, through her parent and legal guardian,
Stephanie Smith
_____
Plaintiff / Petitioner (first, middle, last)

and

ISD No. 623
_____
Defendant / Respondent (first, middle, last)

**Waiver of Service of Summons**
Minn. R. Civ. P. 4.05

TO:  Sam Kramer
_____
(name of plaintiff/petitioner's attorney, or unrepresented plaintiff/petitioner)

I received your request that I waive service of a summons in the following lawsuit of

B.S., a minor, by and through her parent and guardian Stephanie Smith v. ISD 623  , in the District Court for
_____
(caption of lawsuit; usually_____vs._____)

Second                    District of Minnesota,      Ramsey                              County.
_____                                _____
(list the District: 1st - 10th)                                (list the county)

I have also received a copy of the complaint or petition in the lawsuit, two copies of this document (CIV022B), and a means for returning the signed waiver to you without cost to me. I agree to save the cost of service of the summons and complaint/petition in this lawsuit.

I understand that I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after  August 20, 2020 (date request was sent), or within 90 days after that date if the request was sent outside the United States.

August 28, 2020
_____
Date

*Maggie R. Wallner*
_____
Signature
Maggie R. Wallner
_____
Printed / typed name

Note: Court Form CIV022B is substantially similar to Minn. R. Civ. P. Form 22B and meets the rule requirements.

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Minnesota Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant/respondent located in the United States who, after being notified of an action and asked by a plaintiff/petitioner located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint/petition is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.

A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought. A defendant/respondent who waives service must within the time specified on the waiver form serve on the plaintiff/petitioner's attorney (or unrepresented plaintiff/petitioner) a response to the complaint/petition. If the answer or motion is not served within this time, a default judgment may be taken against that defendant/respondent. By waiving service, a defendant/respondent is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**STATE OF MINNESOTA**                          **DISTRICT COURT**

**COUNTY OF RAMSEY**                    **SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **B.S., a minor, by and through her parent and natural guardian, Stephanie Smith,** | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |
| **Independent School District No. 623, aka Roseville Area Schools** | |
| Defendant. | |

## INTRODUCTION

1.      Defendant Roseville Area Schools knew that one of its second grade teachers was discriminating against her African American students and lashing out at them in disturbing and unsafe ways. Despite this knowledge, it did nothing to protect those students, allowing the teacher to stay in the classroom with minimal supervision. That teacher eventually assaulted one of her students, Plaintiff B.S., an African American second grader. When RAS learned of this and other assaults by the teacher, it tried to cover the situation up, waiting several days before removing the teacher and then doing so quietly and without explanation. It only responded to B.S.'s mother's inquiries after media organizations reported on the series of discriminatory and assaultive incidents. RAS's acts and omissions violated the Minnesota Human Rights Act and constitute battery, negligent retention, and negligent supervision.

1

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

## JURISDICTION AND VENUE

2.      This Court has general jurisdiction over the subject matter of this claim pursuant to Minn. Stat. § 484.01, subd. 1(1).

3.      Venue in Ramsey County is proper under Minn. Stat. § 542.09 because the claims arose in Ramsey County, and Defendant does business there.

## PARTIES

4.      Plaintiff B.S., a minor, brings these claims by and through her parent and natural guardian Stephanie Smith. B.S. attended Harambee Elementary School in the Roseville Area School District from approximately September 2019 through November 2019, and is currently about to enter third grade at another elementary school in the District. B.S. is African American.

5.      Defendant Independent School District No. 623, also known as Roseville Area Schools, is a public agency of the State of Minnesota with its headquarters and activities located in Ramsey County, Minnesota.

## GENERAL ALLEGATIONS

6.      B.S. was a second grader during the 2019-2020 school year. She was assigned to the classroom of teacher Geraldine Cook at Harambee Elementary School in the Roseville Area Schools (RAS).

7.      B.S. was one of about 4-6 African American students in Cook's predominantly white class.

8.      From the beginning of the school year, Cook expressed resentment toward the African American students in her class, telling one parent on September 6 that she

62-CV-20-5134

Filed in District Court
State of Minnesota
10/22/2020 10:45 AM

was struggling with a "particular group of students," referring to the African American students in the class.

9.      Cook separated the African American students from their classmates, making them sit together as a group in the classroom.

10.     At the same time, Cook appeared to be on the verge of a breakdown. She behaved erratically and blew minor behavioral incidents out of proportion. Parents and staff who observed her believed she was unstable.

11.     At least one parent reported concerns about Cook's behavior and her treatment of African American students to Principal Devlon Smith in September 2019.

12.     Cook was absent from school for a while in September 2019. Neither Principal Smith nor anybody else from RAS communicated with the parents of Cook's students about why Cook was absent.

13.     Cook returned from leave by the beginning of October 2019.

14.     By the time Cook returned from her leave, RAS had notice that she posed a risk to her students and was especially hostile toward her African American students.

15.     By late September 2019, it was reasonably foreseeable to RAS that Cook could harm one of her students, especially her African American students.

16.     On or around October 2, 2019, Cook did, in fact, harm B.S. She became angry at B.S. for some perceived misbehavior and responded by grabbing B.S. by the arm and pulling so hard that she ripped B.S.'s shirt sleeve.

17.     The incident caused B.S. physical and emotional pain.

18.     B.S.'s mother, Stephanie Smith, learned of the incident when B.S. came

home that day with a torn shirt and explained what had happened. Smith demanded an explanation from Cook. Cook denied B.S.'s allegation and refused to meet with Smith.

19.   A few weeks later, Smith saw on the evening news that at least one other student in the class had alleged Cook had assaulted him.

20.   Smith demanded a meeting with Principal Smith.

21.   Principal Smith provided little information to Smith and instead tried to take credit for getting Cook out of the classroom around October 12 after his own investigation had confirmed that she had assaulted students and discriminated against African American students.

22.   In reality, Principal Smith had kept all of this from Smith and the other parents of Cook's students until he was forced to disclose it when the media reported it.

23.   In fact, Cook had stayed in the classroom—causing great fear and anxiety to B.S. and the other students she had assaulted—for several days after Principal Smith knew of the assaults. Cook was still responding to parent emails as late as October 23.

24.   RAS's response to learning that Cook had harmed and discriminated against students was to cover it up and keep parents in the dark, causing additional harm by creating an environment of fear for Cook's students and preventing their parents from knowing enough about what was happening in the classroom to provide their children with the necessary support.

25.   As a result of Cook's actions and RAS's subsequent coverup, Smith chose to transfer B.S. and her sibling to another school in the District, causing a significant disruption to her education.

4

## COUNT 1:

### RACE DISCRIMINATION

**Minnesota Human Rights Act, Minn. Stat. § 363A.13**

26.    B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

27.    The Defendant's conduct as alleged herein constitutes intentional discrimination against B.S. because of her race.

28.    Cook treated B.S. and other African American students differently because of their race. She physically separated them from their white peers, referred to them as a group of troublemakers, and treated them more harshly. In B.S.'s case, Cook assaulted her by grabbing her by the arm and pulling so hard she ripped her sleeve. Cook was motivated by B.S.'s race when she did this.

29.    RAS's conduct, through Cook, constitutes discrimination because of race.

30.    As a result of RAS's unlawful discrimination, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, liquidated damages, treble damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

### COUNT 2:

### BATTERY

**Minnesota Common Law**

31.    B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

32.    Cook committed battery against B.S. when she intentionally engaged in harmful and offensive conduct with B.S. by grabbing her arm and pulling on it so hard that her shirt ripped.

33.    RAS is vicariously liable for Cook's act of battery through *respondeat superior* because she committed it in the course of her employment duties and it was reasonably foreseeable to RAS that she would act in discriminatory and physically harmful ways toward her students based on earlier reports of her behavior.

34.    As a result of RAS's battery, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

### COUNT 3:

### NEGLIGENT RETENTION

### Minnesota Common Law

35.    B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

36.    As an employer, RAS had a duty to exercise reasonable care in determining whether to retain Cook so as to avoid putting students and other members of the public at risk of harm caused by her.

37.     RAS failed to exercise ordinary care in retaining Cook. RAS knew or should have known that Cook presented a risk of harm to her students but retained her anyway, thereby exposing B.S. and other students to that risk.

38.     As a proximate result of RAS's decision to retain Cook, B.S. was harmed by Cook when she committed battery against her by grabbing her arm and pulling so hard that her shirt ripped.

39.     As a result of RAS's negligent retention of Cook, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## COUNT 4:

## **NEGLIGENT SUPERVISION**

### **Minnesota Common Law**

40.     B.S. incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

41.     As an employer, RAS had a duty to exercise reasonable care in supervising Cook so as to prevent foreseeable misconduct that she could cause harm to others.

42.     RAS knew or should have known that Cook presented a risk of harm to her students. Despite this knowledge, RAS was negligent in its supervision of Cook, thereby exposing B.S. and other students to a significant risk of harm. RAS's failed to exercise ordinary care in supervising Cook.

43.     As a result of RAS's negligent supervision of Cook, B.S. was harmed by Cook when Cook committed battery against her by grabbing her arm and pulling so hard that her shirt ripped.

44.     Cook was acting within the scope of her employment duties when she committed battery.

45.     As a result of RAS's negligent supervision of Cook, B.S. is entitled to all damages and equitable relief available in law and equity, including but not limited to: compensatory damages, punitive damages, injunctive relief, reimbursement for costs and fees, and more.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court:

Enter a judgment in favor of Plaintiff and against Defendant as follows:

1. An order granting Plaintiff judgments against Defendant;

2. An order granting Plaintiff compensatory damages, as the jury determines;

3. An order granting Plaintiff punitive damages, as the jury determines;

4. An order granting Plaintiff treble damages;

5. An order granting Plaintiff liquidated damages;

6. An order granting Plaintiff injunctive and declaratory relief against Defendant, whereby the Defendant is temporarily and permanently enjoined and restrained from any further discrimination, reprisal or retaliation of Plaintiff or similarly situated persons;

7. An order for Defendant to pay Plaintiff's costs, interest, and attorneys' fees;

8.  An order for Defendant to pay any and all further relief available, such as any relief this Court may consider equitable or appropriate.

***Plaintiff demands a jury trial.***


Dated: August 20, 2020                 **MADIA LAW LLC**


                                        /s/ Sam Kramer_____
                                        Samuel Kramer, MN #400743
                                        Joshua A. Newville, MN # 395221
                                        323 Washington Avenue N., #200
                                        Minneapolis, Minnesota  55401
                                        Ph: 612.349.2743 | F: 612.235.3357
                                        Email: sjkramer@madialaw.com


## STATUTORY ACKNOWLEDGMENT

The undersigned hereby acknowledges that, pursuant to Minn. Stat. § 549.211, sanctions may be awarded to the parties against whom the allegations in the pleadings are asserted.


                                        /s/Sam Kramer
                                        Sam Kramer

62-CV-20-5134

Filed in District Court
State of Minnesota
10/26/2020 1:51 PM

**STATE OF MINNESOTA**                          **DISTRICT COURT**

**COUNTY OF RAMSEY**               **SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **B.S., a minor, by and through her parent and natural guardian, Stephanie Smith**, | Case No. 62-CV-20-5134 |
| Plaintiff, | |
| v. | **STIPULATION OF DEFENDANT GERALDINE COOK AND PLAINTIFF REGARDING SERVICE AND DEADLINES FOR RESPONSIVE PLEADINGS** |
| **Independent School District No. 623, aka Roseville Area Schools, Geraldine Cook in her individual capacity** | |
| Defendants. | |

Defendant Geraldine Cook, through counsel, acknowledges by this stipulation that service of the summons and complaint in this case was effective as to her on October 25, 2020, and therefore waives any defenses related to service of process. Plaintiff stipulates that Defendant Cook may have until November 23, 2020, to file a responsive pleading.

Dated: October 26, 2020             **MADIA LAW LLC**

 /s/ Sam Kramer
Samuel Kramer, MN #400743
Joshua A. Newville, MN # 395221
Madia Law LLC
323 Washington Avenue N., #200
Minneapolis, Minnesota  55401
Ph: 612.349.2743 | F: 612.235.3357
Email: sjkramer@madialaw.com

**Attorneys for Plaintiff B.S.**

1

Filed in District Court
State of Minnesota
10/26/2020 1:51 PM

Dated: October 26, 2020          _s/Kari M. Dahlin_____
                                 Eugene C. Shermoen, Jr. (#183246)
                                 Kari M. Dahlin (#0314365)
                                 Arthur, Chapman, Kettering, Smetak & Pikala,
                                 P.A.
                                 500 Young Quinlan Building
                                 81 South Ninth Street
                                 Minneapolis, MN 55402-3214
                                 P: (612) 339-3500
                                 F: (612) 339-7655
                                 ecshermoen@ArthurChapman.com
                                 kmdahlin@ArthurChapman.com

                                 **Attorneys for Defendant Geraldine Cook**

State of Minnesota
Ramsey County

District Court
Second Judicial District
Court File Number: **62-CV-20-5134**
Case Type: Discrimination

MAGGIE R WALLNER
200 SOUTH SIXTH STREET SUITE 470
MINNEAPOLIS MN  55402

**Notice of Case Filing and**
**Assignment**

---

**B.S., a Minor, by and through her parent and natural guardian, Stephanie Smith vs**
**Independent School District No. 623, Geraldine Cook**

Date Case Filed: **October 22, 2020**

Court file number **62-CV-20-5134** has been assigned to this matter.  All future correspondence
must include this file number, the attorney identification number, and must otherwise conform to
format requirements or they WILL BE RETURNED.  Correspondence and communication on
this matter should be directed to the following court address:

> **Ramsey County Court Administration**
> **15 West Kellogg Boulevard Room 130**
> **St Paul MN  55102**

Assigned to: **Judge Laura Nelson**

If ADR applies, a list of neutrals is available at www.mncourts.gov (go to Alternative Dispute
Resolution) or at any court facility.  Please direct all scheduling inquiries on this matter to
Assignment at 651-266-8309.

Dated: October 28, 2020

Michael F. Upton
Court Administrator
Ramsey County District Court

cc:   SAMUEL JOHN LUNDE KRAMER
      KARI MARIE DAHLIN

STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF RAMSEY                               SECOND JUDICIAL DISTRICT

---

B.S., a minor, by and through her parent and
natural guardian, Stephanie Smith,                          Court File No.  62-CV-20-5134
                                                                        Judge Laura Nelson
                      Plaintiff,

v.

Independent School District No. 623, aka           **DEFENDANTS' JOINT NOTICE OF**
Roseville Area Schools and Geraldine Cook,            **FILING NOTICE OF REMOVAL**
in her individual capacity,

                      Defendants.

---

PLEASE TAKE NOTICE THAT, on November 20, 2020, Defendants Independent School

District No. 623, aka Roseville Area Schools, and Geraldine Cook, in her individual capacity,

(collectively, "Defendants") filed a Joint Notice of Removal, pursuant to 28 U.S.C. §§ 1331,

1441(a), and 1446, a copy of which is attached hereto as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that, upon filing the Joint Notice of Removal with

the Clerk of the United States District Court for the District of Minnesota, and serving copies upon

Plaintiff's counsel and filing copies thereof with the Clerk of the District Court for Ramsey County,

Minnesota, Defendants have effected removal and the District Court shall proceed no further in

this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446 or § 1447.


Dated:  November 20, 2020                    **KENNEDY & GRAVEN, CHARTERED**

                                             By:   /s/ Maggie R. Wallner
                                             Maggie R. Wallner (0193458)
                                             Alex D. Ivan (0399607)
                                             Kennedy & Graven, Chartered
                                             Fifth Street Towers
                                             150 South Fifth Street, Suite 700


                                                              **Exhibit D**

Minneapolis, MN 55402-1299
Telephone:     (612) 337-9300
E-mail:mwallner@kennedy-graven.com
          aivan@kennedy-graven.com

*Attorneys for Defendant ISD No. 623*

Dated:  November 20, 2020                  **ARTHUR, CHAPMAN, KETTERING,**
                                           **SMETAK & PIKALA, P.A.**

                                           By:   /s/ Kari M. Dahlin  (with permission)
                                           Kari M. Dahlin (#0314365)
                                           Eugene C. Shermoen, Jr. (#183246)
                                           500 Young Quinlan Building
                                           81 South Ninth Street
                                           Minneapolis, MN 55402-3214
                                           P: (612) 339-3500
                                           F: (612) 339-7655
                                           kmdahlin@ArthurChapman.com
                                           ecshermoen@ArthurChapman.com

                                           *Attorneys for Defendant Geraldine Cook*

2