UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

B.S., a minor, by and through her
parent and natural guardian, Stephanie
Smith,

Civil No. 20-2369 (DWF/TNL)

Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**

Independent School District No. 623,
a/k/a Roseville Area Schools, and
Geraldine Cook in her individual capacity,

Defendants.

---

Joshua A. Newville, Esq., and Samuel Kramer, Esq., Madia Law LLC, counsel for Plaintiff.

Alex D. Ivan, Esq., and Mar-Bon R. Wallner, Esq., Kennedy & Graven, Chartered, counsel for Defendant Independent School District No. 623.

Eugene C. Shermoen, Jr., Esq., and Kari Marie Dahlin, Esq., Arthur Chapman Kettering Smetak & Pikala, P.A., counsel for Defendant Geraldine Cook.

---

**INTRODUCTION**

This matter is before the Court on Defendant Roseville Area Schools, Independent School District No. 623's (the "District") motion to dismiss counts one and six of the Complaint (Doc. No. 17), and Defendant Geraldine Cook's ("Cook") motion to dismiss

count five of the Complaint (Doc. No. 24). For the reasons below, the Court denies the motions.[1]

## BACKGROUND

The events detailed in the Second Amended Complaint ("SAC") took place at an elementary school within the District. Plaintiff was a student in the District during the 2019-20 school year. At that time, Defendant Cook was a second-grade teacher in the District. (Doc. No. 3-1 (SAC) ¶¶ 6-7).)[2] Plaintiff was assigned to Cook's class. (*Id*. ¶ 7.) Plaintiff alleges that she was one of four to six African American students in the class. (*Id*. ¶ 28.)

Plaintiff alleges that during the period from April 2015 until October 2019, Cook was involved in various physical incidents with her students. (*Id*. ¶¶ 9-10.) Plaintiff further alleges that before the 2019-20 school year, the District knew of such incidents. (*Id*.) In addition, Plaintiff alleges that during the 2018-19 school year, Cook repeatedly mistreated an African American student and that this mistreatment was brought to the attention of Principal Delon Smith ("Smith") and the District. (*Id*. ¶¶ 11-27.) This mistreatment included separating the student from and belittling him in front of the class and, on one occasion, grabbing him by the arm and pulling him. (*Id*. ¶¶ 12-13.) In

---

[1] This case is factually related to Civ. No. 20-2038, which was heard on similar motions at the same hearing.

[2] Plaintiff filed her complaint in state court and Defendants later removed the case to this Court. (Doc. No. 3.)

addition, Plaintiff alleges that during the 2018-2019 school year, Cook separated African American students and had them sit together as a group. (*Id*. ¶¶ 14, 30.)

During the 2019-20 school year, Plaintiff alleges that Cook separated African American students in the classroom, behaved erratically, and expressed to a parent that she (Cook) was "struggling with 'a particular group of students,' referring to the African-American students in the class." (*Id*. ¶ 29.) Plaintiff alleges that a parent reported concerns to Smith in September 2019, but that Smith did not address the problem. (*Id*. ¶ 33.) Plaintiff alleges that by late September 2019, the District had notice that Cook posed a risk to her students and, in particular, to her African American students. (*Id*. ¶ 37.)

According to the SAC, on October 2, 2019, Cook harmed Plaintiff. (*Id*. ¶ 38.) In particular, Plaintiff alleges that Cook became angry at Plaintiff for perceived misbehavior and responded by grabbing her by the arm and pulling so hard that she ripped Plaintiff's shirt sleeve. (*Id*.) Cook was eventually removed from the classroom, but according to the allegations in the SAC, not before she allegedly assaulted another African American student and continued to cause fear and anxiety to Plaintiff and other students. (*Id*. ¶¶ 41, 45.)

Plaintiff brought this action, asserting six counts, three of which are relevant to the pending motions: (Count One) Race Discrimination (as to the District) in violation of the Minnesota Human Rights Act – Minn. Stat. § 363A.13 ("MHRA"); (Count Five) Equal Protection (as to Cook) in violation of the 14th Amendment of the United States Constitution through 42 U.S.C. § 1983; and (Count 6) Race Discrimination (as to the

3

District) under Title VI of the Civil Rights Act of 1964 – 42 U.S.C. § 2000d.  Presently, the District moves to dismiss counts one and six, and Cook moves to dismiss count five.

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id*. at 555.  As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 556.

4

## I. The District's Motion

The District moves to dismiss Plaintiff's claims of race discrimination under Title VI and the MHRA. Title VI of the Civil Rights Act of 1964 prohibits race discrimination in any program receiving federal funds:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. Similarly, the MHRA provides, in relevant part, that: "It is an unfair discriminatory practice to discriminate in any manner in the full utilization of or benefit from any educational institution, or the services rendered to any person because of race, color, creed, religion, [or] national origin . . ." Minn. Stat. § 363A.13, subd. 1. Private parties may sue under Title VI for intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280-81 (2001).[3]

To state a Title VI claim, Plaintiff must show that race, color, or national origin motivated the defendant's discriminatory conduct. *See Thompson v. Bd. of Spec. Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998). When there is no direct evidence of

---

[3] The MHRA is typically construed in accordance with the law applied to federal statutes. *See Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 793 (8th Cir. 2010). Plaintiff argues that, unlike Title VI, the MHRA does not require actual notice of discrimination, but instead requires a showing that the District should have known about Cook's pattern of discriminatory behavior against African American students. Plaintiff also asserts that the MHRA's standard for harassment is lower than that of its federal counterparts. Because Plaintiff's claim sufficiently pleads notice and discriminatory animus under federal standards, the Court need not decide these issues at this stage of litigation.

discrimination, a plaintiff may establish a prima facie case of discrimination through evidence giving rise to an inference of discrimination because of race. *See Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019). One way to make this showing is to demonstrate that a similarly-situated person of another race was treated more favorably. *Id.* In doing so, Plaintiff must allege facts sufficient to show that there are no "mitigating or distinguishing circumstances" distinguishing the comparators' treatment such that they are "similarly situated in all relevant aspects." *See Doe v. Blake Sch.*, 310 F. Supp. 3d 969, 981 (D. Minn. 2018) (citation omitted). To state a Title VI claim under a racial hostility theory, Plaintiff must plead facts sufficient to support a reasonable inference that the defendant was "(1) deliberately indifferent, (2) known to acts of discrimination, (3) which occurred under its control." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 782 (8th Cir. 2001) (Title IX case).

Plaintiff asserts Title VI racial discrimination claims under both disparate treatment and racial hostility theories. The District argues that Plaintiff fails to plead a claim under either theory because Plaintiff has failed to plead facts plausibly demonstrating that her race motivated Cook's alleged conduct. In particular, the District argues that Plaintiff does not allege facts to show that Cook treated similarly situated non-African American students differently. The District points out that Plaintiff alleges that Cook was involved in various physical incidents with students, but that the SAC does not identify those students' races or other information (such as grade level) that would allow them to be considered relevant comparators. In addition, as to allegations that relate to Cook's treatment of African American students, the District maintains that there

6

are no allegations that plausibly support a conclusion that Cook's behavior was motivated by race. In addition, the District argues that Plaintiff has failed to plead facts showing that the District knew of Cook's allegedly discriminatory conduct and acted with deliberate indifference.

In this case, Plaintiff alleges that during the period from April 2015 until October 2019, Cook was involved in various physical incidents with students and that before the 2019-20 school year, the District knew of such incidents. In addition, Plaintiff alleges that during the 2018-19 school year, Cook repeatedly mistreated an African American student and that this mistreatment was also brought to the attention of Principal Smith and the District. Further, Plaintiff alleges that during the 2019-20 school year, when Plaintiff was in Cook's second-grade class, Cook behaved erratically, especially when working with or talking about African American students in her class, and that Cook separated African American students in the classroom. Plaintiff alleges that parents spoke with Smith and expressed concerns that Cook presented a risk to students and in particular, African American students, but that Smith did not address the issue. The SAC goes on to allege that, in October 2019, Cook ripped Plaintiff's shirt sleeve. Cook was eventually removed from the classroom, but not before she allegedly assaulted another African American student and continued to cause fear and anxiety to Plaintiff and other students.

The Court finds that these alleged facts are sufficient to give rise to an inference that Cook's conduct was discriminatory against African American students so as to plausibly state a Title VI claim. Plaintiff also sufficiently alleges that the District knew

7

of Cook's allegedly discriminatory actions. In particular, Plaintiff sufficiently alleges that the issue of Cook's behavior was brought to the attention of the District, and that no District official took any measures to address Cook's behavior. Thus, the Court finds that the SAC sufficiently alleges that the District failed to meaningfully respond to Cook's allegedly hostile and discriminatory behavior by failing to investigate or intervene. The facts as alleged could raise an inference that the District was deliberately indifferent to alleged discrimination. Finally, the SAC contains allegations that, if supported by evidence, could demonstrate that Plaintiff was subjected to severe and persistent harassment. As a result, Plaintiff has pleaded a plausible claim under Title VI and the MHRA. Accordingly, the District's motion to dismiss is properly denied.

**II.     Cook's Motion**

Cook moves to dismiss Plaintiff's Equal Protection claim. In support, Cook argues that, as set forth by the arguments made by the District, Plaintiff has failed to plead facts sufficient to demonstrate that race motivated Cook's improper conduct. In particular, Cook asserts that Plaintiff's allegations of discriminatory treatment are conclusory and insufficient to state a claim for violation of the Equal Protection clause.

Plaintiff's Equal Protection claim is analyzed under the same framework as Plaintiff's Title VI claim. *See Regents of Univ. of California v. Bakke*, 438 U.S. 265, 287 (1978). Because the Court has already determined that Plaintiff's Title VI claim was sufficiently pleaded and that Plaintiff has alleged facts sufficient to raise an inference that race motivated Cook's conduct, the Court concludes that Plaintiff has adequately pleaded an Equal Protection claim. Therefore, Cook's motion is also properly denied.

8

## CONCLUSION

The Court denies the motions to dismiss. The Court notes, however, that victory at this stage does not necessarily guarantee victory at a later stage when the issues can be considered after discovery. The Court encourages the parties to consider settling this matter.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The District's Motion to Dismiss (Doc. No. [17]) is **DENIED**.

2. Cook's Motion to Dismiss (Doc. No. [24]) is **DENIED**.

Dated: May 18, 2021                  s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge