UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| B.S., a minor, by and through her parent and natural guardian, Stephanie Smith, | Case No. 20-cv-2369 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Independent School District No. 623 aka Roseville Area Schools, Geraldine Cook in her individual capacity, | |
| Defendants. | |

Joshua Andrew Newville and Samuel Kramer, Madia Newville LLC, 1850 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 (for Plaintiff);

Alex D. Ivan and Mar-Bon R. Wallner, Kennedy & Graven, Chartered, 150 South Fifth Street, Suite 700, Minneapolis, MN 55402 (for Defendant Independent School District No. 623); and

Eugene C. Shermoen, Jr. and Kari Marie Dahlin, Arthur Chapman Kettering Smetak & Pikala, P.A., 81 South Ninth Street, Suite 500, Minneapolis, MN 55402 (for Defendant Geraldine Cook).

This matter is before the Court, Magistrate Judge Tony N. Leung, on Plaintiff's Motion to Compel Production of Confidential Information (ECF No. 42). For the reasons set forth below, the Court grants this motion in part and denies it in part.

## I. BACKGROUND

Plaintiff, an African American minor, alleges that she was assaulted by Defendant Geraldine Cook ("Cook"), then her second grade teacher, during the 2019-20 school year. (Sec. Am. Compl. ¶¶ 4, 7, 17, ECF No. 3-1.) According to Plaintiff, this was one of many

instances where Cook singled out, discriminated against, and/or physically assaulted other African American students in the class. (*See id.* ¶¶ 9-10, 20, 22.) Plaintiff alleges that Defendant Roseville Area Schools ("the School District") was aware of Cook's behavior and her treatment of African American students prior to her assault of Plaintiff. (*Id.* ¶¶ 12, 15-16; *see also id.* ¶ 25.) Plaintiff asserts six causes of actions in her suit: (1) a claim of race discrimination in violation of the Minnesota Human Rights Act ("MHRA"), Minn. Stat § 363A.13 against the School District; (2) a common law claim of Battery against the School District and Cook; (3) a common law claim of Negligent Supervision against the School District; (4) a common law claim of Negligent Retention against the School District; (5) an Equal Protection claim in violation of the 14th Amendment of the United States Constitution through 42 U.S.C. § 1983 against Cook; and (6) a claim of race discrimination in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000, *et seq.* against the School District. (*Id.* ¶¶ 48-78.)

After the parties submitted a Stipulation for Confidentiality Agreement and Protective Order ("Stipulation") (ECF No. 13), the Court entered a Protective Order to govern discovery in this case. (ECF No. 31.) This Protective Order anticipated that certain information in the School District's possession would be protected by certain statutes, namely the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. § 13.02, *et seq.*[1] (*See id.* ¶ 2.)

---

[1] While the Protective Order also mentions the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, the School District states that Plaintiff's discovery requests would only yield the disclosure of non-public data protected under FERPA and the MGDPA. (*See* Mem. in Resp. at 2, ECF No. 48.)

While Plaintiff expressly agreed to the release of her data maintained by the School District which would normally be subject the statutes, the Protective Order placed procedural guardrails on the School District's release of third parties' non-public data. (*See id.* ¶¶ 2-3.) These guardrails incorporate the legal standards applicable to the disclosure of this non-public educational and personnel data under state and federal law. (*Id.*) If Plaintiff made a discovery request that would necessitate the production of non-public data, the School District would inform the subject of the non-public data notice that they could object to its release, and that such objection should be sent directly to the Court. (*Id.* ¶ 3(a)-(b).) Absent objections by third parties and "subject to a contrary ruling by the Court upon proper objection by a data subject," the School District was to release responsive documents which contained non-public data. (*Id.* ¶ 3(c).) Notwithstanding that agreement, in the event the parties could not agree on proper redaction of non-public data, the Court agreed to rule on the non-public data's discoverability by determining in accordance with FERPA and the MGDPA "whether the data sought and reviewed is discoverable and whether the probative value of said un-redacted data outweighs any harm to the confidentiality interest of the individuals who are identified in the data." (*Id.* ¶ 4.)

The impasse contemplated by the parties and outlined in the Protective Order is now before the Court. Plaintiff has made certain written discovery requests and the School District has served written responses and its privilege log. (*See* Exs. 1 & 2 to Kramer Decl., ECF Nos. 45-1 & 45-2.) Certain responsive non-public data was withheld by the School District. (Kramer Decl. ¶ 4, ECF No. 45.) The School District sent letters to third parties who were the subjects of this data to inform them of the opportunity to object to the data's

3

disclosure. (Kramer Decl. ¶ 5.) The Court has received five letters of objection to the release of student or personnel data.[2] (ECF Nos. 35, 37-40.)

The School District concedes that this non-public data is discoverable. (Mem. in Resp. at 1; *see also* Kramer Decl. ¶ 4.) All non-public data outlined in the privilege log, however, regardless of whether a subject filed an objection with the Court, has been withheld. (Kramer Decl. ¶¶ 4-6; *see also* Mem. in Resp. at 2-3 ("Notwithstanding the parties' agreement on discoverability, the School District may not substitute its judgment for that of any individual data subject or this Court.").)

## II. ANALYSIS

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.*

The School District concedes that the non-public personnel and educational data it is withholding is discoverable but maintains the Court is "now vested with the ultimate authority and responsibility to independently determine" the data's discoverability.[3] (Mem. in Resp. at 3.) There can be no question that this data is discoverable, and highly relevant to the case. In order to prove her Title VI and MHRA claims against the School District, Plaintiff will be tasked with demonstrating that the School District had prior notice of Cook's alleged pattern of discriminatory conduct towards African American students. Cook's treatment of students other than Plaintiff, and the School District's response

---

[2] These letters were filed under seal.
[3] Cook has not taken a position on this motion.

4

thereto, are also highly relevant to Plaintiff's state common law claims. This leaves the Court to decide whether the provisions of either the MGDPA or FERPA preclude disclosure of the non-public data.

As to these statutory protections, the School District requests that the Court apply the statutory balancing test under the MGDPA, as well as consider the objections made on the record by third parties. (*Id.*) Under the MGDPA, "educational data is private data on individuals and shall not be disclosed" except in certain exceptions, including pursuant to a valid court order. Minn. Stat. § 13.32, subd. 3. The same is true of certain personnel data. *Id.* § 13.43, subd. 4. The discoverability of non-public personnel and educational data is governed by the following process under the MGDPA:

> If a government entity opposes discovery of government data . . . on the grounds that the data are classified as not public, the party that seeks access to the data may bring before the appropriate presiding judicial officer . . . an action to compel discovery or an action in the nature of an action to compel discovery.
>
> The presiding officer shall first decide whether the data are discoverable or releasable pursuant to the rules of evidence and of criminal, civil, or administrative procedure appropriate to the action.
>
> If the data are discoverable the presiding officer shall decide whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the entity maintaining the data, or of any person who has provided the data or who is the subject of the data, or to the privacy interest of an individual identified in the data.

*Id.* § 13.03, subd. 6.

Notwithstanding the Protective Order's mention of this provision of the MGDPA, however, the School District cannot rely on the MGDPA "as a basis to frustrate the discovery process in a lawsuit filed in federal court." *R.S. by and through S.S. v. Minnewaska Area Sch. Dist. No. 2149*, No. 12-cv-588 (MJD/LIB), 2013 WL 12149246, at *6 (D. Minn. Mar 20, 2013); *see also Scheffler v. Molin*, No. 11-cv-3279 (JNE/JJK), 2012 WL 3292894, at *4 (D. Minn. Aug. 10, 2012) (finding the MGDPA does not "trump the Federal Rules of Civil Procedure, which define what information is discoverable in a federal lawsuit . . . it is improper . . . to withhold information from proper discovery in a federal lawsuit purely on grounds that it is protected under the MGDPA."); *Her v. Paulos*, No. 11-cv-808 (PAM/TNL), 2012 WL 6634777, at *5 (D. Minn. Dec. 20, 2012) (stating "[i]t is axiomatic that discovery in federal court is governed not by state rules or statutes, but by the Federal Rules of Civil Procedure" and finding that a party "may not refuse discovery requests" otherwise permissible under Rule 26 "on grounds that the MGDPA prevents [their] disclosure."). Much of the withheld data is withheld pursuant to the MGDPA. (*See* Ex. 2 to Kramer Decl.) Without any separate basis, so long as the data is relevant, the School District may not frustrate this litigation by relying on that statute to avoid disclosure. Further, even if the Court *were* to engage in the MGDPA's balancing test, it would find that Plaintiff's benefit in reviewing the non-public personnel data outweighs the privacy interests of the School District's personnel, particularly in light of the serious allegations that certain personnel had knowledge of Cook's discriminatory behaviors. It is also worth noting that the parties have agreed that personnel records may

be designated as confidential under the Protective Order in this case, which will provide them with certain protections. (*See* ECF No. 31 ¶ 5.)

The School District alleges in its privilege log that third-party student data is also protected by the MGDPA, but in those instances, the School District also cites FERPA as a reason for withholding the data. (*See* Ex. 2 to Kramer Decl.) FERPA generally prohibits public school districts from releasing personally identifying educational data absent the subject's or the subject's parent's written consent. 20 U.S.C. § 1232g(b)(1). One exception to this general rule is that the data may be released pursuant to a lawfully issued court order. *Id.*; 34 C.F.R. § 99.31(a)(9)(i).[4]

The Court finds that it is reasonable and appropriate, at least at this time, to redact the personal identifying information of third party students. *See R.S. by and through S.S.*, 2013 WL 12149246, at *7. Redacting the personal identifying information would mean FERPA is not implicated. *Id.* Plaintiff also acknowledges the sensitive nature of this information and seems amenable to these redactions. (*See* Mem. in Supp. at 9, ECF No. 44.) Allowing Plaintiff to review the non-public data without disclosing personal identifying information is also proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Viewing these reports will allow Plaintiff to explore her claims related to her allegations that the School District knew of Cook's pattern of discriminatory conduct without disclosing the highly sensitive personal identifying information of those minor children not involved in this suit.

---

[4] The release pursuant to Court order is subject to the requirement that the educational agency provide adequate notice to the parent or eligible student, *see id.* C.F.R. § 99.31(a)(9)(ii), something the School District did in this case. *See supra* at 3-4.

## III. ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel Production of Confidential Information (ECF No. 42) is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff shall disclose all educational and personnel data listed on its privilege log, with the exception of the personal identifying information of the minor students, within 14 days of this Order.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: September __20__, 2021

_s/Tony N. Leung_
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*B.S. v. Indep. Sch. Dist. 623, et al.*
Case No. 20-cv-2369 (DWF/TNL)